**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| GARY LEWIS RIDDICK,             )<br>                                                      )<br>                    Petitioner,       )<br>v.                                                )     No. 1:08-cv-874-DFH-TAB<br>                                                      )<br>THOMAS HANLON,                  )<br>                                                      )<br>                    Respondent.    ) | |

## Entry Discussing Petition for Writ of Habeas Corpus

Gary Lewis Riddick was convicted in an Indiana state court of two counts of armed robbery and of being a habitual offender. Riddick's conviction was affirmed on appeal in *Riddick v. State*, 49A05-9112-CR-427 (Ind.Ct.App. July 29, 1992). As to this decision, there was no petition to transfer filed with the Indiana Supreme Court. Riddick then filed an action for post-conviction relief in the trial court on July 22, 1996. Riddick withdrew his petition for post-conviction relief on October 20, 1999. The present action was filed on June 27, 2008.

The State of Indiana, through Riddick's custodian, argues that Riddick's habeas petition was not timely filed.[1] The AEDPA, effective on April 23, 1996, provides a 1-year statute of limitations for the filing of an action for habeas corpus relief. Insofar as pertinent here, that period commenced on the effective date of the AEDPA, but was tolled while Riddick's action for post-conviction relief was pending.

Riddick's conviction was "final," for statute of limitations purposes, prior to the effective date of the AEDPA. Because of this, he had a 1-year grace period from the effective date of the AEDPA, or until April 24, 1997, in which to file a petition for a writ of habeas corpus. However, the running of this period was tolled while any properly filed action for post-conviction relief was pending. *See* 28 U.S.C. § 2244(d)(2)(the running of the 1-year period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").  Riddick's action for post-conviction relief was pending on July 22, 1996, so 89 days expired from the one-year AEDPA grace period before the filing of the post-conviction petition.

---

[1] Riddick had through December 1, 2008 to supplement his reply and address (1) whether and to what extent any of the claims presented in his petition for a writ of habeas corpus could be asserted at this point in an action for petition for post-conviction relief brought in the trial court, and (2) whether his petition for a writ of habeas corpus could be thought to have been timely filed. Riddick has not filed a supplement.

The running of the statute of limitations resumed on October 20, 1999, which is the date Riddick withdrew his petition for post-conviction relief. At that time, Riddick had 276 days remaining on the limitations period. The statute of limitations expired on July 22, 2000. Riddick filed his petition for a writ of habeas corpus with the clerk on June 27, 2008, nearly eight years after his habeas filing deadline expired.

The statute of limitation in Section 2244(d) "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000). In this case, Riddick has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence he is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date:  1/6/2009